```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA ex rel. ANTI-  :
DISCRIMINATION CENTER OF METRO NEW       :
YORK, INC.,                             :
                           Plaintiff,   :
                                        :
             -v-                        :
                                        :
WESTCHESTER COUNTY, NEW YORK,           :
                           Defendant.   :
                                        :
----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  8/22/07

06 Civ. 2860 (DLC)

MEMORANDUM
OPINION & ORDER

Appearances:

For Plaintiff/Relator:
Michael Allen
Stephen M. Dane
John P. Relman
Relman & Dane, PLLC
1225 19th Street, N.W., Suite 600
Washington, DC 20036-2456

For Defendant:
Stuart M. Gerson
Michael A. Kalish
Carrie Corcoran
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177-1211

DENISE COTE, District Judge:

On July 13, 2007, the defendant's motion to dismiss the

complaint was denied.  United States ex rel. Anti-Discrimination

Center of Metro New York, Inc. v. Westchester County, New York,

No. 06 Civ. 2860 (DLC), 2007 WL 2012901 (S.D.N.Y. July 13,

2007).  On July 30, the defendant moved to certify an appeal,

pursuant to 28 U.S.C. § 1292(b), from that portion of the July

13 Opinion which found subject matter jurisdiction over this

lawsuit. The motion is denied.

The standard for certification is well established.

Section 1292(b) provides in relevant part that

> When a district judge, in making in a civil action an
> order not otherwise appealable under this section,
> shall be of the opinion that such order involves a
> controlling question of law as to which there is
> substantial ground for difference of opinion and that
> an immediate appeal from the order may materially
> advance the ultimate termination of the litigation, he
> shall so state in writing in such order. The Court of
> Appeals which would have jurisdiction of an appeal of
> such action may thereupon, in its discretion, permit
> an appeal to be taken from such order, if application
> is made to it within ten days after the entry of the
> order.

28 U.S.C. § 1292(b) (emphasis supplied); Casey v. Long Island R.

Co., 406 F.3d 142, 146 (2d Cir. 2005). This statute is to be

strictly construed, as the power to grant an interlocutory

appeal "must be strictly limited to the precise conditions

stated in the law," Klinghoffer v. S.N.C. Achille Lauro, 921

F.2d 21, 25 (2d Cir. 1990) (citation omitted), which is why "it

continues to be true that only 'exceptional circumstances'"

warrant certification, id. (quoting Coopers & Lybrand v.

Livesay, 437 U.S. 463, 475 (1978)).

The controlling issue of law identified by the defendant

appears to be whether the statutory phrase "in a congressional,

administrative, or Government Accounting Office report, hearing,

2

audit, or investigation," 31 U.S.C. § 3730(e)(4)(A), encompasses non-federal administrative reports.  The extent to which there is a substantial ground for a difference of opinion regarding that question is not entirely clear.  While it is true that three federal courts of appeals have construed this statutory term in addressing issues of subject matter jurisdiction, and have differed in their readings of it, see Westchester, 2007 WL 2012901, at *4, none of the three courts grappled with the legislative history set out in the July 13 Opinion.  Id. at 7-8. The defendant has not challenged the presentation of that history in the July 13 Opinion or otherwise attempted to show why it should not provide substantial guidance in future efforts by courts to construe the statute.

More significantly, however, the defendant has not sufficiently shown that an immediate appeal will materially advance the ultimate termination of this litigation.  Because of the statutory construction in the July 13 Opinion, it was unnecessary for the Opinion to reach two other grounds that the plaintiff presses in support of subject matter jurisdiction. The July 13 Opinion did not decide whether either the application of the tests enunciated by the Eighth and Ninth Circuit Courts of Appeals for the statutory bar to jurisdiction or an analysis of the "original source" of information exception

3

to the statutory bar would require a finding that there is no subject matter jurisdiction.

## Conclusion

The defendant's July 30 motion for certification of an immediate appeal pursuant to 28 U.S.C. § 1292(b) is denied.

SO ORDERED:

Dated:    New York, New York
          August 22, 2007

_____
DENISE COTE
United States District Judge

4