```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA ex rel. ANTI-  :
DISCRIMINATION CENTER OF METRO NEW      :
YORK, INC.,                             :    06 Civ. 2860 (DLC)
                     Plaintiff,         :
                                        :         MEMORANDUM
          -v-                           :       OPINION & ORDER
                                        :
WESTCHESTER COUNTY, NEW YORK,           :
                     Defendant.         :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff/Relator:
Michael Allen
Stephen M. Dane
John P. Relman
Relman & Dane, PLLC
1225 19th Street, N.W., Suite 600
Washington, DC 20036-2456

For Defendant:
Stuart M. Gerson
Michael A. Kalish
Carrie Corcoran
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177-1211

DENISE COTE, District Judge:

On February 24, 2009, the plaintiff's motion for partial summary judgment was granted in part and denied in part, and the defendant's motion for summary judgment was denied. United States ex rel. Anti-Discrimination Center of Metro New York, Inc. v. Westchester County, New York, No. 06 Civ. 2860 (DLC),

2009 WL 455269 (S.D.N.Y. Feb. 24, 2009) (the "February 24 Opinion").[1]  On March 10, the defendant moved to certify an appeal, pursuant to 28 U.S.C. § 1292(b), from that portion of the February 24 Opinion which articulated the standard for materiality under the False Claims Act ("FCA") that would be applied to the plaintiff's claims at trial.  The motion is denied.

As discussed in United States ex rel. Anti-Discrimination Center of Metro New York, Inc. v. Westchester County, New York, No. 06 Civ. 2860 (DLC), 2007 WL 2402997, at *1 (S.D.N.Y. Aug. 22, 2007) (denying defendant's motion to certify an appeal from that portion of this Court's Opinion denying defendant's motion to dismiss that found subject matter jurisdiction over this action), the standard for certification is well established.  Section 1292(b) provides in relevant part that

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

---

[1] Familiarity with the February 24 Opinion is assumed.

28 U.S.C. § 1292(b) (emphasis supplied); City of New York v. Beretta U.S.A. Corp., 524 F.3d 384, 391 (2d Cir. 2008).  This statute is to be strictly construed, as the power to grant an interlocutory appeal "must be strictly limited to the precise conditions stated in the law," Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990) (citation omitted), which is why "it continues to be true that only 'exceptional circumstances'" warrant certification, id. (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

The controlling issue of law identified by the defendant appears to be whether materiality is an element of an FCA violation and what the proper standard is for assessing materiality under the FCA.  While it is true that there is a circuit split on the proper standard for assessing materiality under the FCA and that the Second Circuit has yet to weigh in (and has yet to decide whether materiality is an element of an FCA claim), see Westchester, 2009 WL 455269, at *20, this alone is not sufficient to justify certification of the issue for appeal; "[r]ather, it is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (citation omitted).

The Court has already considered and rejected defendant's arguments on the issue of the proper standard for assessing materiality.  As the Court found in the February 24 Opinion, the natural tendency test for assessing materiality, with its focus on the natural effect of the statements when made, best accords with the legislative history and purpose of the FCA. Westchester, 2009 WL 455269, at *20; see United States ex rel. A+ Homecare, Inc. v. Medshares Management Group, Inc., 400 F.3d 428, 446 (6th Cir. 2005) ("evaluating materiality based on the potential effect rather than actual result is more consistent" with "FCA's principal goal of ensuring the integrity of the Government's dealings, which is embodied in the maxim that men must turn square corners when they deal with the Government" (citation omitted)).  This conclusion is especially true in the factual context of this case, where the information underlying the false statements was not even required to be presented to the relevant government officials.  See Westchester, 2009 WL 455269, at *4.

Even assuming, however, that the defendant has established that there exists a controlling question of law and a substantial ground for difference of opinion, it has not shown that an immediate appeal would materially advance the termination of the litigation or that an immediate appeal at this stage of the case is appropriate.  Significantly, while the

4

February 24 Opinion granted partial summary judgment to plaintiff on several elements of FCA liability, it did not grant summary judgment to plaintiff on the issue of materiality, but simply denied defendant's motion for summary judgment on that issue and set forth the legal standard for assessing materiality that the Court would apply to plaintiff's claims at trial, see Westchester, 2009 WL 455269, at *20-21 -- a trial which has long been set to begin on May 4, 2009.[2]  As such, neither the Court nor a jury has had the opportunity to apply the materiality standard to the full record in this case.  Given this posture, the certification order would be asking the Court of Appeals to rule on a question -- the proper test for materiality under the FCA in the context of this case -- without a fully developed factual record, which is something the Court of Appeals is reluctant to do.  See Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 866 (2d Cir. 1996) (Second Circuit was "reluctant to rely on what may turn out to be an incomplete record to clarify legal doctrine for the district court's guidance" where "question of law . . . turn[ed] on a thorough examination of the facts"); Oneida Indian Nation of New York State v. Oneida County, 622

---

[2] The defendant's opening brief on the instant motion argued that the materiality issue would be submitted to the jury.  While the Court announced its inclination to submit the issue to the jury at a March 30, 2009 conference with the parties, it should be noted that defendant's brief in support of its motion for summary judgment contended that materiality is a question for the Court to decide.

5

F.2d 624, 628 (2d Cir. 1980) ("Inherent in the requirements of section 1292(b) is that the issue certified be ripe for judicial determination. . . . [T]he purpose of section 1292(b) is not to offer advisory opinions rendered on hypotheses which [evaporate] in the light of full factual development." (citation omitted)).

In addition, there are several scenarios in which the course of the trial and a fully developed record could moot the issue which defendant seeks to certify for appeal.  For example, if the jury finds that the defendant did not have the requisite knowledge to support FCA liability, the defendant is not liable under the FCA regardless of what standard is applied for assessing materiality.  Furthermore, the Court of Appeals may decide that the test for materiality is academic where the government funding is expressly conditioned on the requirement, as it is here, that the certification of compliance with the duty to affirmatively further fair housing be filed with the government.  See United States ex rel. Hendow v. University of Phoenix, 461 F.3d 1166, 1177 (9th Cir. 2006).  Perhaps in recognition of this statutory mandate, this is a case where the defendant formally admitted that its certifications were a material condition of its receipt of funding when it filed its answer.

Finally, the defendant presents a parade of horribles that it contends will follow from this Court's February 24

6

Opinion and that present the exceptional circumstances that justify certification in this case.  Notably, however, the dire consequences alluded to have little to do with the materiality issue the defendant is seeking certification to appeal; rather, defendant's briefing makes clear that its real motivation in seeking certification of the materiality issue is to obtain review over the entire February 24 Opinion, and particularly that Opinion's conclusion that the defendant made false statements.  See, e.g., Defendant's Brief in Support of Certification at 9 (arguing that if other jurisdictions do not comport with the February 24 Opinion's conclusions on the falsity issue, then "the floodgates will open on communities struggling to cope with an affordable housing crisis brought on by the bursting of the real estate bubble"); Defendant's Reply Brief in Support of Certification at 1 (arguing that the February 24 Opinion's conclusions on the falsity issued "elevat[ed] . . . mere guidance into statutory equivalence").

Defendant has not attempted to argue that the falsity issue satisfies the statutory criteria for certification.[3]  To the

---

[3] In an excess of advocacy, the defendant has also repeatedly mischaracterized the February 24 Opinion.  For example, the opinion did not imbue the guidance HUD provided in its Fair Housing Planning Guide with the authority of a statute.  To the contrary, the opinion found that the defendant's documents "utterly failed to comply with the regulatory requirement" and that that failure was only compounded by the County not

7

extent that the defendant simply seeks immediate appeal of this Court's determination on the question of falsity in the February 24 Opinion because of its belief that the conclusion was in error, such an argument presents no basis for certification. See Weber v. United States, 484 F.3d 154, 159 n.3 (2d Cir. 2007) ("Congress did not intend 28 U.S.C. § 1292(b) to serve an error-correction function.").[4]  In addition, defendant's prediction of a stream of similar follow-on lawsuits that will occur if the falsity issue is insulated from appellate review by the favorable verdict it expects at trial is speculative.  The prediction requires at least the following to occur: 1) defendant and other jurisdictions not taking their requirements to affirmatively further fair housing seriously and being unwilling to reform their practices, 2) the federal government choosing not to come into this or any similar lawsuit as plaintiff to promote a resolution of the action, and 3) the

---

following the guidance HUD had provided to it.  Westchester, 2009 WL 455269, at *14.

[4] Defendant cites to Weber for the proposition that one of the purposes of § 1292(b) is to allow the Court of Appeals to "rule on . . . ephemeral questions of law that might disappear in the light of a complete and final record," 484 F.3d at 159 (citation omitted), in order to argue that certification is warranted to allow for immediate review of the February 24 Opinion's determination of the falsity issue; however, as discussed above, defendant has not even attempted to show how that issue satisfies the statutory criteria for certification, and the power to grant an interlocutory appeal "must be strictly limited to the precise conditions stated in the law." Klinghoffer, 921 F.2d 21, 25 (2d Cir. 1990) (citation omitted).

8

defendant winning a verdict in its favor at trial. Its assumption that it will prevail at trial, insulating the Court's rulings from appellate review, is in considerable tension with its argument that the February 24 Opinion "leaves little room for the County to avoid an adverse finding" on the materiality issue at trial. Therefore, even if defendant were able to meet the statutory criteria for certification of the materiality issue under § 1292(b), it has not shown that this case presents exceptional circumstances warranting certification of an immediate interlocutory appeal.

CONCLUSION

The defendant's March 10, 2009 motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is denied.

SO ORDERED:

Dated:   New York, New York
         April 9, 2009

_____
DENISE COTE
United States District Judge