```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
UNITED STATES OF AMERICA ex rel. ANTI-   :
DISCRIMINATION CENTER OF METRO NEW       :
YORK, INC.,                              :    06 Civ. 2860 (DLC)
                            Plaintiff,   :
                                         :      OPINION & ORDER
             -v-                         :
                                         :
WESTCHESTER COUNTY, NEW YORK,            :
                            Defendant.   :
                                         :
----------------------------------------X
```

Appearances:

For Plaintiff/Relator:
Michael Allen
Stephen M. Dane
John P. Relman
Relman & Dane, PLLC
1225 19th Street, N.W., Suite 600
Washington, DC 20036-2456

For Defendant:
Stuart M. Gerson
Michael A. Kalish
Carrie Corcoran
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177-1211


DENISE COTE, District Judge:

   Plaintiff has filed a motion in limine for an order finding that the defendant's certifications that it would affirmatively further fair housing ("AFFH") during the period relevant to this False Claims Act ("FCA") litigation were material as a matter of law, or in the alternative, for the issue of materiality to be

determined by the Court and not a jury.  The plaintiff's motion is granted.

The plaintiff Anti-Discrimination Center of Metro New York, Inc. ("ADC") was granted partial summary judgment on February 24, 2009, in an Opinion which held that the defendant Westchester County, New York ("Westchester" or "the County") made false statements to the Secretary of Housing and Urban Development ("HUD") between April 2000 and April 2006 ("the false claims period") to obtain over $52 million in federal funding for housing and community development.  United States ex rel. Anti-Discrimination Center of Metro New York, Inc. v. Westchester County, No. 06 Civ. 2860 (DLC), 2009 WL 455269, at *16 (S.D.N.Y. Feb. 24, 2009) ("February Opinion").[1]  Briefly stated, the February Opinion found that under the statutory and regulatory scheme, the County was required to certify that it would AFFH in order to receive certain federal housing and community development funding.  Id. at *2, *17.  To AFFH, Westchester was required to conduct an analysis of impediments or "AI" to fair housing choice, including those impediments imposed by racial discrimination and segregation, to take appropriate actions to overcome the effects of any identified impediments, and to maintain records reflecting the analysis and actions.  Id. at *2.  The February Opinion found that

---

[1] Familiarity with the February Opinion is assumed.

2

Westchester's certifications that it would AFFH were false because, among other things, Westchester did not analyze race in conducting its AIs.  Id. at *13-16.

In the briefing on the cross-motions for summary judgment, Westchester took the position that even though the Second Circuit had not reached the question of whether materiality was an element of an FCA violation, ADC should be required to prove that the false statements at issue were material to HUD's funding decision.  ADC argued in opposition principally that materiality was not a required element in the Second Circuit, and that in any event, Westchester in its answer had admitted that its certifications were a material condition of its receipt of funding.  Because of these positions, ADC did not move for summary judgment on the materiality issue.

The February Opinion found that materiality was a required element of an FCA claim, and that the proper test for evaluating materiality was that "[i]n general, a false statement is material if it has a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed."  Id. at *20 (quoting Neder v. United States, 527 U.S. 1, 16 (1999)).  This "natural tendency test" "focuses on the potential effect of the false statement when it is made rather than on the false statement's actual effect after it is discovered."  Id. (citation omitted).  The February

3

Opinion denied the County's motion for summary judgment on the issue of materiality, finding, inter alia, that the County's "assertion that certain HUD bureaucrats reviewed the County's submissions and continued to grant the County funding cannot somehow make the false AFFH certifications immaterial, where the funding was explicitly conditioned on the certifications." Id. at *21.  ADC now moves for an order declaring Westchester's false statements material as a matter of law, or in the alternative to exclude the issue of materiality from decision by a jury.

The issue of whether the materiality element of the FCA is an issue for the court or jury has been answered in different ways by different courts.  In United States ex rel. Berge v. Board of Trustees of the University of Alabama, 104 F.3d 1453, 1459-60 (4th Cir. 1997), the Fourth Circuit (the only Court of Appeals thus far to treat this issue squarely apparently) held that materiality under the FCA, despite being a mixed question of law and fact, was a question for the court to decide.  Berge distinguished the civil FCA statute from the criminal context, in which all elements of a criminal offense, including materiality, must be submitted to a jury.  Id. at 1459.  Other district courts have since cited to Berge for the proposition that the issue of materiality in the civil FCA context is for the court.  See United States ex rel. Phillips v. Pediatric

4

Serv. of America, Inc., 142 F. Supp. 2d 717, 729 (W.D.N.C. 2001); United States v. Intervest Corp., 67 F. Supp. 2d 637, 646 (S.D. Miss. 1999).[2]

In addition, at least two district courts have noted that the question of whether FCA materiality is for the judge or jury is an open or unclear question in their respective circuits. See United Stated ex rel. Fago v. M & T Mortgage Corp., 518 F.Supp.2d 108, 118 n.9 (D.D.C. 2007); United States v. President and Fellows of Harvard College, 323 F.Supp.2d 151, 182 (D. Mass. 2004)).

Finally, at least one district court has considered this question and disagreed with Berge, finding that the materiality of an omission in the FCA context was a question for the factfinder.  See United States v. Job Resources for Disabled, No. 97 C 3904, 2000 WL 1222205, at *3 (N.D. Ill. Aug. 24, 2000)); see also United States ex rel. Tyson v. Amerigroup Illinois, Inc., 488 F. Supp. 2d 719, 727 (N.D. Ill. 2007) (court gave jury instruction on materiality).  The court in Job Resources looked to other areas of the law, including the securities fraud context, for support for its conclusion that materiality under the FCA is a question for the jury.  See 2000

---

[2] While Westchester currently argues that materiality is for the jury, it cited to Intervest Corp. in its brief in support of its motion for summary judgment to argue that materiality is an issue for the court.

WL 1222205, at *3; see also Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc., 186 F.3d 157, 172 (2d Cir. 1999) (finding that in securities law context "[t]he determination of materiality is a mixed question of law and fact that generally should be presented to a jury" (citation omitted)).  The court in Job Resources noted, however, that this question could still be determined by a court when there were no genuine issues of fact, and it found that the omitted information at issue was material as a matter of law.  2000 WL 1222205, at *3-4.

It is not necessary on the instant motion to decide whether, as a general matter, the issue of materiality in the FCA context is for the court or the jury, because Westchester's false statements were material as a matter of law.  As discussed in the February Opinion, the payment of the federal housing and community development funds at issue in this litigation was expressly conditioned on Westchester's certification that it would AFFH.  Westchester, 2009 WL 455269, at *20.  Under these circumstances, the fact that the AFFH certifications were false unquestionably "ha[d] a natural tendency to influence, or [were] capable of influencing" HUD's decision to pay out the government funds, id., and therefore the false certifications meet the test for materiality as a matter of law.[3]  See, e.g., United States v.

---

[3] This Court declines to reconsider its adoption of the natural tendency test for materiality.  Defendant concedes that the

6

Rogan, 517 F.3d 449, 452 (7th Cir. 2008) (omission regarding improper referrals was material under natural tendency test where statute forbid payment of claims for such referrals); United States ex rel. Hendow v. University of Phoenix, 461 F.3d 1166, 1175-77 (9th Cir. 2006) (statements were material where the government funding was expressly conditioned on the particular requirement to which the false statements pertained).

Westchester essentially concedes in its trial brief and several other submissions that under the natural tendency test, the statements at issue in this case were material as a matter

---

Fourth, Sixth, and Ninth Circuit apply this test.  It argues, however, that several other circuits, including the Seventh and Eighth Circuits, apply a stricter outcome materiality test, citing, inter alia, United States ex rel. Costner v. United States, 317 F.3d 883, 887-88 (8th Cir. 2003), and United States ex rel. Lamers v. City of Green Bay, 168 F.3d 1013 (7th Cir. 1999).  In Rogan, however, the Seventh Circuit in a 2008 case applied the natural tendency test for materiality to the FCA claim.  517 F.3d at 452.  Additionally, in Hays v. Hoffman, 325 F.3d 982, 992 (8th Cir. 2003), the Eighth Circuit noted that Costner had not defined the precise contours of the materiality requirement, and it affirmed a district court's jury instruction on the materiality element that incorporated the concept of the natural tendency formulation of materiality.  Even more recently, the Eighth Circuit defined the FCA materiality element using the "capable of influencing" natural tendency formulation. See United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 825 (8th Cir. 2009).  For the reasons discussed more fully in the February Opinion, Westchester, 2009 WL 455269, at *20, and this Court's Opinion denying Westchester's motion to certify an interlocutory appeal from the February Opinion, United States ex rel. Anti-Discrimination Center of Metro New York, Inc. v. Westchester County, New York, No. 06 Civ. 2860, 2009 WL 970866, at *2 (S.D.N.Y. Apr. 9, 2009), this Court finds that the natural tendency test is more faithful to the language and purpose of the FCA.

of law.  The County's only argument as to why the AFFH certifications were not material under this test focuses on two assertions: (1) that the regulations relating to the grant programs and HUD guidance describe general mechanisms for HUD to deal with non-compliance, and (2) that HUD did not take any of the provided for actions.  The main regulation to which the County cites, however, pertains to non-compliance with the regulatory provisions in general, and is not specifically directed to provisions that are express conditions for payment of the federal funds.  See 24 C.F.R. § 570.913.  More significantly, the fact that HUD officials had certain administrative options at their disposal cannot take away from the fact that, in the circumstances here, where payment was expressly conditioned on the certifications, the certifications unquestionably were capable of influencing the funding decision. See Hendow, 461 F.3d at 1175 (where payment was conditioned on compliance with regulation, argument regarding the availability of other enforcement mechanisms as precluding a finding of materiality was rejected as "academic"); see also Rogan, 517 F.3d at 452 (a statement is material under the natural tendency test "even if those who make the decision are negligent and fail to appreciate the statement's significance").  Thus, under the circumstances presented in this case, Westchester's AFFH certifications were material as a matter of law.

8

CONCLUSION

Plaintiff's April 10, 2009 motion [Docket No. 173] for a pretrial order that defendant's AFFH certifications during the false claims period were material as a matter of law is granted.

SO ORDERED:

Dated: New York, New York
April 22, 2009

_____
DENISE COTE
United States District Judge