```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA ex rel., ANTI- :
DISCRIMINATION CENTER OF METRO NEW      :
YORK, INC.                              :     06 Civ. 2860 (DLC)
              Plaintiff/Relator,        :
                                        :     MEMORANDUM OPINION
           -v-                          :          & ORDER
                                        :
WESTCHESTER COUNTY, NEW YORK,           :
                   Defendant.           :
                                        :
----------------------------------------X
```

For the Government:

David J. Kennedy
Benjamin H. Torrance
United States Attorney's Office
86 Chambers Street
New York, NY 10007

For Westchester County, New York:

Robert F. Meehan
James F. Castro-Blanco
Carol F. Arcuri
Linda Trentacoste
Shannon S. Brady
Adam Rodriguez
Justin R. Adin
Westchester County Attorney's Office
138 Martine Avenue, 6th Floor
White Plains, NY 10601

DENISE COTE, District Judge:

In a May 3, 2012 Opinion (the "May 3 Opinion") the Court sustained the Government's objections to certain sections of the Honorable Gabriel Gorenstein's March 16 Opinion (the "Magistrate Judge's Opinion") and adopted the recommendations in the

November 14, 2011 Report and Recommendation (the "Report") of James E. Johnson (the "Monitor") relating to the obligation of Westchester County (the "County") to promote source-of-income legislation.  On May 15, the County moved for a stay of enforcement of the May 3 Opinion pending appeal.[1]  The County's motion is denied.[2]

BACKGROUND

The facts giving rise to this dispute are set forth in the May 3 Opinion, familiarity with which is assumed.  See United States ex rel. Anti-Discrimination Ctr. v. Westchester County, New York, No. 06 Civ. 2860 (DLC), 2012 WL 1574819 (S.D.N.Y. May 3, 2012).  The Government and the County are parties to an August 10, 2009 consent decree (the "Settlement").  The Settlement resolved False Claims Act litigation based upon false certifications made by the County to federal housing officials, which exposed the County to over $150 million in potential liability.  The Settlement required the County to take numerous

---

[1] The County also seeks a stay of the Court's April 17 Order denying the County's jurisdictional argument.  The basis for the April 17 Order is set forth in the May 3 Opinion.  For simplicity of reference, this Opinion will refer to the County's motion as a motion to stay the May 3 Opinion pending appeal.

[2] The County also moved for an interim stay pending decision on its motion for a stay pending appeal.  That request is denied as moot.

steps to affirmatively further fair housing.  As one of its "additional obligations" to affirmatively further fair housing, the County is required under ¶ 33(g) of the Settlement to "promote, through the County Executive, legislation currently before the [County's] Board of Legislators to ban 'source-of-income' discrimination in housing."

On June 14, 2010, the Board of Legislators (the "Board") passed source-of-income legislation.  County Executive Robert Astorino vetoed the legislation on June 25.

The Settlement requires the County to submit an Analysis of Impediments ("AI") to fair housing acceptable to the Department of Housing and Urban Development ("HUD").  On July 13, 2011, HUD rejected a revised AI submitted by the County because the County had failed to incorporate corrective actions previously specified by HUD regarding "promotion of source-of-income legislation [and] plans to overcome exclusionary zoning practices."  As a consequence, the County lost access to federal funding controlled by HUD.

The County invoked the Settlement's dispute resolution procedures on July 20.  In response, the Government in an August 18 letter asked the Monitor to resolve whether the County was in

3

compliance with its Settlement obligation to promote source-of-income legislation.[3]

After receiving briefing from the parties, the Monitor in his November 14 Report found the County in breach of its Settlement obligation to promote source-of-income legislation. The Monitor recommended, pursuant to ¶ 13(c) of the Settlement, that "a reasonable interpretation of 'promotion' of legislation could encompass, at a minimum, requesting that the legislature reintroduce the prior legislation, providing information to assist in analyzing the impact of the legislation, and signing the legislation passed."

The County filed objections to the Monitor's Report with the Magistrate Judge. On March 16, 2012, the Magistrate Judge found that the County had not breached its obligation to promote source-of-income legislation, and sustained the County's objections to those sections of the Monitor's Report.

---

[3] The Government also requested that the Monitor resolve a dispute relating to the County's failure to establish a process for addressing exclusionary zoning practices. The Monitor's Report directed the County to analyze zoning ordinances in connection with its AI by February 29, 2012. The Magistrate Judge's Opinion overruled the County's objections to that portion of the Report, and the May 3 Opinion adopted those sections of the Magistrate Judge's Opinion relating to zoning. The County did not object to the Magistrate Judge's Opinion, and does not appear to seek a stay of the May 3 Opinion to the extent it adopted the zoning sections of the Magistrate Judge's Opinion.

The Government then filed objections to the Magistrate Judge's Opinion with this Court.  Ruling, inter alia, on the definition of the word "promote" in ¶ 33(g) of the Settlement, the Court sustained the Government's objections.  2012 WL 1574819, at *5-*6.  The Court adopted those sections of the Monitor's Report, finding that the County had breached its obligation to promote source-of-income legislation, and set forth steps necessary for the County to return to compliance with the Settlement.  Id. at *6-*7.

The County filed its notice of appeal on May 15, and on the same day moved for a stay pending appeal.  Accommodating the Court's request for expedited briefing of its response to the motion, the Government opposed the application for a stay on May 16.

DISCUSSION

"[T]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of the Court's discretion."  Maldonado-Padilla v. Holder, 651 F.3d 325, 328 (2d Cir. 2011) (citation omitted).  Courts consider the following factors in determining whether to grant a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested

5

in the proceeding; and (4) where the public interest lies.

S.E.C. v. Citigroup Global Markets Inc., 673 F.3d 158, 162 (2d Cir. 2012) (per curiam) (citation omitted). "[T]he degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of another." In re World Trade Center Disaster Site Litigation, 503 F.3d 167, 170 (2d Cir. 2007) (citation omitted).

None of the four stay factors favors the County. The factors are addressed in turn.

The County has failed to show that it is likely to succeed on the merits on appeal. Each of the arguments it raises in its May 15 motion was considered and rejected in the May 3 Opinion. Indeed, the May 3 Opinion found "an unambiguous breach of the [County's] duty to promote" source-of-income legislation. 2012 WL 1574819, at *6. The County also argues that the Magistrate Judge's Opinion provides a sufficient basis to find a likelihood of success on the merits for purposes of granting a stay. But, as discussed in the May 3 Opinion, the Magistrate Judge's Opinion relied on an overly narrow definition of the term "promote" and failed to consider the Second Circuit precedent on the term's plain meaning. See United States v. Awan, 607 F.3d 306, 314 (2d Cir. 2010). The May 15 motion ignores Awan and this Court's use of Awan to interpret the term "promote".

6

The County has also failed to demonstrate that it will suffer irreparable injury absent a stay. An irreparable injury is "an injury that is neither remote nor speculative, but actual and imminent," Grand River Enterprise Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted) (preliminary injunction), and "one that that cannot be remedied" if the party seeking the stay is granted relief on appeal. Id. The May 3 Opinion adopted the Monitor's finding that the County is in breach of its obligation to promote source-of-income legislation, pursuant to ¶ 33(g) of the parties' the Settlement, and the Monitor's recommendation, pursuant to ¶ 13(c) of the Settlement, concerning the steps the County must take to remedy its breach. The County argues that the May 3 Order "may" subject it to monetary fines if the Government ever pursues a contempt sanction for the County's failure to comply with the Settlement. But the Government has not moved for sanctions, and if it does so the County will have a full and fair opportunity to litigate the issue.

The County also argues that a stay is necessary to preserve the status quo, and that if a stay is not granted pending appeal the parties' dispute may be mooted because the County Executive may be forced to sign source-of-income legislation. Again, the County has failed to identify a harm that is actual or imminent. Neither party has pointed to evidence in the record indicating

7

that source-of-income legislation is currently pending before the Board.  As significantly, the Monitor identified several steps the County must take to remedy its breach beyond signing the legislation, including reintroducing source-of-income legislation and assisting the Board in analyzing the legislation's impact.  In none of its submissions before the Magistrate Judge or this Court, including the May 15 motion, did the County argue that these steps would constitute improper relief if the County were found to be in violation of its duty to promote source-of-income legislation.

Finally, the County has not demonstrated that the public interest supports issuance of a stay, or that issuance of a stay would not substantially injure other interested parties.  "[T]he traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest.  These factors merge when the Government is the opposing party."  Nken v. Holder, 556 U.S. 418, 435 (2009).  There is a substantial public interest in ensuring that the County lives up to its obligations to affirmatively further fair housing, as set forth in the Settlement.  These obligations include the "additional obligation" to promote source-of-income legislation that would prevent landlords from discriminating against tenants whose income is derived in whole or in part from government benefits, including Section 8 vouchers.  The public interest lies,

8

moreover, in prompt relief for clear breaches of the Settlement and renewed efforts to promote legislation significant to affirmatively furthering fair housing in Westchester County. Conversely, the constitutional concerns identified by the County have been found to lack merit, and the County's attempt to argue that these concerns place the public interest on the side of a stay are equally meritless.

CONCLUSION

The County's May 15 motion for a stay of the Court's May 3 Opinion pending appeal is denied.

SO ORDERED:

Dated:   New York, New York
         May 17, 2012

                                       _____
                                              DENISE COTE
                                       United States District Judge